IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MESSINGER, *on behalf of himself and all those similarly situated*,<br>301 Boundary Ave.<br>Hanover, PA  17331<br><br>     Plaintiff,<br><br> v.<br><br>SNYDER'S-LANCE, INC.<br>1250 York St.<br>Hanover, PA  17331<br><br>     Defendant. | Case No.:<br><br>(Philadelphia Court of Common Pleas No. 240600596) |

## NOTICE OF REMOVAL

Defendant, Snyder's-Lance, Inc. ("Snyder's" or "Defendant"), hereby removes this action from the Pennsylvania Court of Common Pleas of Philadelphia County, where it is currently pending, to the U.S. District Court for the Eastern District of Pennsylvania. Defendant removes this case (1) under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453, on the grounds of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and (2) under 28 U.S.C. § 1332(a) on the grounds of diversity jurisdiction. In support of this notice of removal, Defendant states the following:

I.   PROCEDURAL HISTORY AND VENUE

  1.  On June 5, 2024, Plaintiff, David Messinger, filed a Class Action Complaint (the "Complaint") against Snyder's in the Pennsylvania Court of Common Pleas, Philadelphia County, captioned: *David Messinger, individually and on behalf of those similarly situated, v. Snyder's-Lance, Inc.*, Case ID: 240600596.

  2.  On July 12, 2024, Plaintiff filed a Praecipe to Reinstate the Complaint.

3. On August 2, 2024, Plaintiff served Snyder's with a copy of the Complaint, as well as a Notice to Defend and Praecipe to Reinstate the Complaint. *See* Declaration of Stacy Pitta, attached hereto as Exhibit A, at ¶ 7. A copy of the Notice, Complaint, Praecipe to Reinstate the Complaint, and Proof of Service are attached hereto collectively as Exhibit B. A copy of the docket for this matter from the Philadelphia Court of Common Pleas for all filings subsequent to the Complaint are attached collectively hereto as Exhibit C.

4. Plaintiff is a former employee of Snyder's who is asserting a putative class action on behalf of himself and "[a]ll current and former hourly, non-exempt employees of Defendant employed in Pennsylvania at any time from three years prior to the filing of this matter through the date judgment is entered (the "Class")." Ex. B, Complaint, at ¶ 6.

5. Plaintiff asserts that Snyder's failed to pay Plaintiff and all putative Class members "proper overtime compensation due to Defendant's policy and/or practice of not paying employees for all time during which they were/are required to be on Defendant's premises" in violation of the Pennsylvania Minimum Wage Act (PMWA), the Pennsylvania Wage Payment and Collection Law (PWPCL), and the common law of Pennsylvania. Ex. B, Complaint, at ¶ 1.

6. The Philadelphia Court of Common Pleas is located within the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Thus, the U.S. District Court for the Eastern District of Pennsylvania is the proper venue for removal purposes. *See* 28 U.S.C. § 1441(a).

## II. TIMELINESS OF REMOVAL

7. The time for filing a Notice of Removal does not begin to run until a party has been served under applicable state law with the summons and complaint "setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §§ 1446. "The clock is triggered where 'the document informs the reader, to a substantial degree of specificity, [that] all

the elements of federal jurisdiction are present.'" *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022) (quoting *Foster v. Mut. Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 53 (3d Cir. 1993)).

8. A Notice of Removal is timely where it is filed less than one year from the date this action was commenced and within thirty (30) days of service of the Complaint upon the defendant. *See* 28 U.S.C. § 1446(b) & (c)(1).

9. Plaintiff served Snyder's with a copy of the Complaint on August 2, 2024, which was less than thirty (30) days ago. *See* Ex. B, Proof of Service, at 1.

10. This Notice of Removal is thus timely. *McLaren*, 32 F.4th at 241. *See* 28 U.S.C. § 1446(b) & (c)(1).

11. This Notice of Removal is based upon the allegations in Plaintiff's Complaint, along with Snyder's own investigation.

## III. GROUNDS FOR REMOVAL UNDER CAFA

12. The Class Action Fairness Act, 28 U.S.C. § 1332(d), gives federal district courts original jurisdiction over class actions in which (1) the number of putative class members exceeds 100, (2) the amount in controversy exceeds $5,000,000, and (3) any proposed class member and any defendant are citizens of different states.

13. Under the CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (holding a notice of removal "need not contain evidentiary submissions"). Rather, "[a] defendant's notice of removal need include only a plausible allegation that the jurisdictional facts exist." *Id.* at 89. Evidence is required "only when plaintiff contests, or the court questions the defendant's allegation." *Id.*

14. The U.S. Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking [the] CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that the "CAFA should be read with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.*

15. Based on the allegations in the Complaint and Snyder's additional investigation, as described herein, this action satisfies each of these requirements.

  **A. There Are More Than 100 Putative Class Members**

16. In this action, Plaintiff seeks to represent "[a]ll current and former hourly, non-exempt employees of Defendant employed in Pennsylvania at any time from three years prior to the filing of this matter through the date judgment is entered (the 'Class')." Ex. B, Complaint, at ¶ 6.

17. Plaintiff alleges that, "the class is so numerous that the joinder of all class members is impracticable" and "there are in excess of 40 individuals in the Class." Ex. B, Complaint, at ¶ 7.

18. The beginning of the applicable statutory period in this case is no earlier than June 5, 2021. *See* Ex. B, Complaint; 43 P.S. § 260.9a(g)); *Garcia v. Vertical Screen, Inc.*, 580 F. Supp. 3d 79, 91 n.7 (E.D. Pa. 2022).

19. Although Snyder's denies that class treatment is appropriate, the number of putative Class members in this action is far greater than 100. In fact, between June 5, 2021 and August 5, 2024, Snyder's employed approximately 1,720 non-exempt, hourly employees in Pennsylvania. *See* Ex. A, Pitta Declaration, at ¶ 9.

### B. There Is Minimal Diversity

20. The CAFA's minimal diversity requirement is satisfied if any plaintiff or putative class member and any defendant are citizens of different states. 28 U.S.C. § 1332(d)(2)(A).

21. A corporation is a citizen where it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013).

22. Snyder's is a corporation organized under the laws of North Carolina and has its principal place of business in New Jersey at One Campbell Place, Camden, NJ 08103. *See* Ex. A, Pitta Declaration, at ¶ 5. Thus, Snyder's is a citizen of North Carolina and New Jersey.

23. For diversity purposes, a person is a "citizen" of the state in which the person is domiciled. *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007); *see also Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 483 (E.D. Pa. 2016) (determining that minimal diversity existed based on reasonable assumptions about the citizenship of putative class members). A person's domicile is the place where he or she resides with the intent to remain indefinitely. *See Anthony*, 535 F. Supp. 2d at 515 (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)). Additionally, to be a citizen of a state, a person must be a citizen of the United States. *See Anthony*, 535 F. Supp. 2d at 515.

24. Based on Snyder's business records, including records of current and former employees' residences as maintained by Snyder's Human Resources Department, the putative Class described in Plaintiff's Complaint are all citizens of states other than North Carolina and New Jersey, including citizens of the state of Pennsylvania. Ex. B, Complaint, at ¶ 6; *see also* Ex. A, Pitta Declaration, at ¶ 10. In fact, according to Snyder's records, a majority of the putative Class members reside in Pennsylvania. Ex. A, Pitta Declaration, at ¶ 10.

25. For instance, records maintained by Snyder's Human Resources Department indicate that Plaintiff resides in Pennsylvania at 301 Boundary Ave., Hanover, PA 17331. Ex. A, Pitta Declaration, at ¶ 10. Plaintiff's Complaint also lists his residence as 301 Boundary Ave., Hanover, PA 17331. *See* Ex. B, Complaint, at 1. Plaintiff is therefore deemed a citizen of the state of Pennsylvania for CAFA purposes. *See Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 504 (3d Cir. 2013) ("Members of the putative class who are natural persons are deemed citizens of the state in which they are domiciled, which is typically the state where the person lives."); *Ellis v. Montgomery Cnty.*, 267 F. Supp. 3d 510, 519 (E.D. Pa. 2017) ("[A] class member's residency creates a rebuttable presumption of citizenship for the purposes of establishing . . . CAFA jurisdiction.") (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (explaining that "[w]here one lives is prima facie evidence of domicile.")).

26. Accordingly, upon information and belief after a reasonable investigation, and based on the fact the class definition is limited to employees who worked in Pennsylvania, numerous members of the alleged putative Class are citizens of Pennsylvania and other states besides North Carolina and New Jersey. Ex. A, Pitta Declaration, at ¶ 10; Ex. B, Complaint, at ¶ 6.

27. This case therefore satisfies the CAFA's minimal diversity requirement. *See* 28 U.S.C. § 1332(d)(2)(A).

    **C.**    **The Amount in Controversy Easily Exceeds $5 Million**

28. Under the CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under the CAFA "if the value of the matter in litigation exceeds $5,000,000

either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 10914, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, [the] new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

29. A notice of removal "need not contain evidentiary submissions" but, rather, merely a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 84; *see also* 28 U.S.C. § 1446(a) (requiring only a "short and plain statement of the grounds for removal").

30. "In order to determine whether the CAFA jurisdictional requirements are satisfied, a court evaluates allegations in the complaint and a defendant's notice of removal." *Kelly v. Verizon Pa., LLC*, No. 16-CV-5672, 2019 WL 558100, at *6 (E.D. Pa. Feb. 11, 2019).

31. Because Plaintiff does not allege an exact amount of unpaid wages in his Complaint, the Court must perform an independent appraisal of the amount in controversy and, in doing so, may rely upon facts alleged in Snyder's Notice of Removal in addition to Plaintiff's allegations. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) ("[T]o determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if

filed in the district court."); *Bailey v. J.B. Hunt Transp., Inc.*, No. 06-CV-240, 2007 WL 764286, at *12 (E.D. Pa. Mar. 8, 2007) ("A complaint seeking an open-ended amount of damages may prompt an independent appraisal by the court for 'a reasonable reading of the value of the rights being litigated.'") (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

32. Although Snyder's denies Plaintiff's allegations, Snyder's provides this Court with conservative estimates for the purposes of calculating the amount in controversy under the CAFA using Plaintiff's allegations in the Complaint. *See Angus*, 989 F.2d at 146 (noting that where a complaint is open-ended, a court may evaluate its amount in controversy by a "reasonable reading of the value of the rights being litigated"); *Roundtree v. Primeflight Aviation Servs.*, No. 16-CV-9609, 2017 WL 3207439, at *13 (D.N.J. July 28, 2017), *report and recommendation adopted*, ECF No. 17 (D.N.J. Aug. 22, 2017) (explaining that defendant "has no choice but to attempt to fairly project" damages where the complaint does not place any limit).

33. While Snyder's disputes liability and any entitlement of Plaintiff (or the putative Class) to monetary relief, a reasonable reading of the value of the rights being litigated — including consideration of Plaintiff's allegations, the relief sought, the putative Class definition, the scope and size of the putative Class, and other facts set forth in the Declaration of Stacy Pitta—is that the amount in controversy easily exceeds CAFA's $5,000,000 threshold.

34. Plaintiff brings claims asserting violations of the PMWA, PWPCL, and Pennsylvania common law, and, based on these asserted violations, seeks unpaid regular and overtime compensation, statutory liquidated damages, attorneys' fees, costs, interest, and expenses. *See* Ex B., at Complaint, at "Wherefore" ¶¶ B, C, D, and E.

### i.      Claims Based on Allegedly Unpaid Pre-Shift and Meal Period Work Activities.

35.     According to the Complaint, Plaintiff seeks payment for alleged unpaid regular and overtime hours as a result of alleged "Pre-shift Work Activities" and "Meal Period Work Activities." Ex. B, Complaint, at ¶¶ 13-17. Specifically, Plaintiff claims that Snyder's did not compensate Plaintiff and the putative Class for the time "they were required to walk in Defendant's facilities to the location to don protective gear, walk to the washroom location, wash their hands in the washroom, and then walk to the time clock to clock in ('Pre-shift Work Activities')" and for the time they "were required to walk to/from the washroom and clean their hands before clocking in ('Meal Period Work Activities')" from a meal period. Ex. B, Complaint, at ¶¶ 13, 16.

36.     Plaintiff alleges the supposed Pre-shift Work Activities "regularly took 15 minutes per day" and alleged Meal Period Work Activities "took approximately 5 minutes per day." Ex. B, Complaint, at ¶¶ 14, 17.

37.     Therefore, Plaintiff alleges approximately 20 minutes of unpaid wages per day per putative Class member, and approximately 100 minutes (1.66 hours) of unpaid wages per workweek per putative Class member. Ex. B, Complaint, at ¶¶ 14, 17.

38.     During the relevant period, there were approximately 1,720 current and former non-exempt hourly employees who were or are employed by Snyder's in Pennsylvania. Ex. A, Pitta Declaration, at ¶ 9. These approximately 1,720 employees were employed for a total of about 101,996 workweeks collectively. Ex. A, Pitta Declaration, at ¶ 9. The average hourly rate of pay for the putative Class members during the statutory period is approximately $24.47, and

9

the average hourly overtime rate of pay for the putative Class members during the statutory period, is approximately $36.71. Ex. A., Pitta Declaration, at ¶ 12.

39.     Plaintiff worked 51 total workweeks during the statutory period of June 5, 2021 through the present. Ex A., Pitta Declaration, at ¶ 13. Of these 51 workweeks, Plaintiff recorded overtime in 21 workweeks. Ex A., Pitta Declaration, at ¶ 13. Therefore, Plaintiff recorded overtime in 41.2% of his in-scope workweeks. Ex A., Pitta Declaration, at ¶ 13.

40.     Assuming, for the purposes of this Notice of Removal only, that the putative Class is similarly situated to Plaintiff, as Plaintiff alleges it is, then Plaintiff and the putative Class members would have worked overtime in approximately 41.2% of the 101,966 workweeks at issue. Ex. B, Complaint, at ¶ 6; Ex A., Pitta Declaration, at ¶¶ 11, 13. Therefore, a reasonable reading of the value of the rights being litigated in this matter is that Plaintiff is alleging that the putative Class worked overtime in approximately 42,009 of the workweeks. Ex A., Pitta Declaration, at ¶ 13.

41.     Although Snyder's denies that Plaintiff (or any putative Class member) is entitled to any unpaid regular or overtime wages, assuming that, per Plaintiff's allegations, each putative Class member worked 20 additional minutes per day, or had 100 minutes (1.66 hours) of unpaid hours per workweek, the corresponding amount claimed to be owed to Plaintiff and the putative Class in unpaid regular compensation for non-overtime workweeks alone is **$2,425,465.33** [1.66 hours x 59,957 workweeks x $24.47 average hourly rate = $2,425,465.33].

42.     In addition, assuming, per Plaintiff's allegations, that each employee worked 20 additional minutes per day, or had 100 minutes (1.66 hours) of unpaid wages per workweek, the corresponding amount claimed to be owed to Plaintiff and the putative Class in unpaid overtime

10

compensation for overtime workweeks is **$2,559,969.65** [1.66 hours x 42,009 workweeks x $36.71 average hourly overtime rate = $2,559,969.65].

43. Therefore, Plaintiff's Complaint alleges unpaid regular and overtime wages of at least **$4,985,434.98.**

44. Plaintiff also seeks liquidated damages under the PWPCL. *See* Ex. B, Complaint, at "Wherefore" ¶ B. The PWPCL states: "Where wages remain unpaid for thirty days beyond the regularly scheduled payday, … and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employe shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater." 43 P.S. § 260.10.

45. Although Snyder's denies that Plaintiff (or any putative Class member) is entitled to any unpaid wages or any liquidated damages, based on Plaintiff's allegations and Snyder's additional investigation as described herein, Plaintiff is seeking to claim liquidated damages of **at least $860,000** [1,720 putative class members x $500 = $860,000.].

46. Thus, even before assessing Plaintiff's rounding claims, requests for pre-judgment interest and reasonable attorneys' fees, Plaintiff is seeking unpaid wages and liquidated damages of **at least $5,845,434.98**.

47. Courts also routinely include the potential award of attorneys' fees when calculating the amount in controversy for purposes of removal under the CAFA. *See, e.g.*, *Callery v. HOP Energy, LLC*, 620 F. Supp. 3d 223, 229 (E.D. Pa. 2022) (assuming that attorney's fees may exceed 20% when calculating the amount in controversy under CAFA); *Alegre v. Atl. Cent. Logistics*, No. CIV.A. 15-2342 SRC, 2015 WL 4607196, at *6 (D.N.J. July

31, 2015) ("Plaintiff seeks reasonable attorneys' fees as part of the class recovery, and the assessment of the amount in controversy must account for that relief.") (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)); *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 541 (D.N.J. 2020) ("With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute."). The Court of Appeals for the Third Circuit has recognized "[f]ees could be as much as thirty percent of the judgment." *Frederico*, 507 F.3d at 199 (citing *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3d Cir. 2005)).

48. Here, Plaintiffs are seeking "reasonable attorney's fees and costs of the action." Ex. B, Complaint, at "Wherefore" ¶ D. Both the PMWA and the PWPCL provide for potential recovery of attorneys' fees. *See* 43 P.S. § 333.113; 43 P.S. § 260.9a(f). Plaintiff's request for attorneys' fees increases the amount in controversy to an amount that is even higher than $5.84 million.

49. Based on the above, the threshold for CAFA jurisdiction is easily met.

IV.   **GROUNDS FOR REMOVAL UNDER 28 U.S.C. 1332(A)**

50. Snyder's also removes this case under 28 U.S.C. 1332(a) on the grounds of diversity jurisdiction because complete diversity exists and the amount in controversy exceeds $75,000.

51. District courts have "original jurisdiction of all civil actions where the matter exceeds the sum or value of $75,000" and "is between the citizens of different states" 28 U.S.C. § 1332.

### A. Complete Diversity Exists

52. Diversity jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity." *Gibson v. Tip Towing & Recovery LLC*, No. 23-CV-3677, 2023 WL 6397756, at *4 (E.D. Pa. Oct. 2, 2023), *aff'd*, No. 23-CV-2919, 2024 WL 658977 (3d Cir. Feb. 16, 2024).

53. For "complete diversity" to exist, "no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).

54. Snyder's is a citizen of North Carolina and New Jersey. *See*, *supra*, ¶ 22.

55. Plaintiff and all of the putative class members are residents of states other than North Carolina and New Jersey (*e.g.*, Pennsylvania). *See*, *supra*, ¶ 22. This create a presumption that each putative class member is a citizen of a state other than North Carolina or New Jersey. *See*, *supra*, ¶¶ 24-25.

56. Therefore, complete diversity exists because the controversy is between "citizens of different states." 28 U.S.C. §1332(a)(1).

### B. The Amount in Controversy Exceeds for Plaintiff $75,000

57. To give rise to diversity jurisdiction under 28 U.S.C. § 1332(a), an individual action need only place more than $75,000 in controversy.

58. When a complaint does not state a specific amount in controversy, the Court may rely on the notice of removal to determine that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2). The notice of removal "need not contain evidentiary submissions" to adequately plead the amount in controversy; it need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

59. Statutory attorney fees are considered when determining whether the amount in controversy is satisfied under 28 U.S.C. § 1332(a). *Suber*, 104 F.3d at 585.

60. As discussed above, Plaintiff seeks recovery under both the PMWA and the PWPCL, and both provide for potential recovery of attorneys' fees. *See*, *supra*, ¶ 48.

61. Courts assessing attorneys' fees for purposes of removal have considered whether it is reasonable to conclude that the plaintiff's attorney would likely spend an amount of time litigating the plaintiff's case that would total at least $75,000 at the median billable rate for attorneys litigating similar matters in Pennsylvania. *See Buscema v. Wal-Mart Stores E. LP*, 485 F. Supp. 3d 1319, 1332-33 (D.N.M. 2020).

62. An attorney is likely to spend at least 155 hours litigating a similar wage and hour claim through trial. *See e.g.*, *Ricci v. Newrez LLC*, No. 5:22-CV-0650, 2023 WL 6879344, at *7 (E.D. Pa. Oct. 17, 2023) (finding 232 hours reasonable and presumptively fair in PMWA action).

63. The median billable rate for civil litigators in Pennsylvania is approximately $485 to $700 per hour. *See Chakejian v. Equifax Info. Servs.*, LLC, 275 F.R.D. 201, 216–17 (E.D. Pa. 2011) (approving rates of $485 to $700 for partners).

64. If Plaintiff's counsel spends 155 hours litigating Plaintiff's case at a rate of $485 per hour, the attorneys' fees would be $75,175.00. As a result, it is reasonable to conclude that the $75,000 threshold will be met through Plaintiff's counsel's requests attorneys' fees on Plaintiff's claims alone.

**C.    Supplemental Jurisdiction Exists Over the Putative Class' Claims**

65. Under 28 U.S.C. § 1367(a), courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

66. Courts may assert supplemental jurisdiction over putative class members' claims arising out of the same "case or controversy" if "at least one named plaintiff" satisfies §

1332(a)(1)'s $75,000 amount in controversy requirement and complete diversity is present. *See Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 753 (W.D. Pa. 2015).

67. Here, the putative class members' claims arise out of the same "case or controversy" because Plaintiff claims that the putative class members are "similarly situated" to Plaintiff, and he seeks unpaid regular and overtime compensation, statutory liquidated damages, attorneys' fees, costs, interest, and expenses for himself and the putative class based on the same allegations. *See*, *supra*, ¶¶ 4, 34.

68. As discussed above, complete diversity is present, and Plaintiff's claims exceed the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a). *See*, *supra*, ¶¶ 52-65.

69. Therefore, this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the putative class members' claims.

## V.   NOTICE TO STATE COURT & PLAINTIFF

70. Counsel for Snyder's certify that in accordance with 28 U.S.C. § 1446(d), they will serve this Notice of Removal upon Plaintiff's counsel and file it with the Clerk of the Philadelphia Court of Common Pleas.

71. The undersigned counsel has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## VI.   RESERVATION OF RIGHTS AND DEFENSES

72. By filing this Notice of Removal, Snyder's does not waive any defense that may be available to it, including, but not limited to, the right to contest in personam jurisdiction and improper venue in this Court or in the court from which this action has been removed.

73. Snyder's reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted. Snyder's also does not concede that Plaintiff's putative class is certifiable.

74. Snyder's also reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE,** Snyder's respectfully requests that all further proceedings in the Philadelphia Court of Common Pleas in the above-captioned action be discontinued and that this matter be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

/s/ *Natalie F. Bare*
Natalie F. Bare
Harrison H. Weimer
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
(215)-979-1962
nfbare@duanemorris.com
hhweimer@duanemorris.com

*Attorneys for Snyder's-Lance, Inc.*

Date: August 21, 2024

**CERTIFICATE OF SERVICE**

    I, Natalie F. Bare, hereby certify that a true and correct copy of the foregoing Notice of Removal (with Exhibits A-C thereto) and associated Civil Cover Sheet, Designation Form, and Corporate Disclosure Statement have been served via E-mail and U.S. First Class Mail this August 21, 2024, to the following counsel of record:

Matthew D. Miller<br>
mmiller@swartz-legal.com<br>
Justin L. Swindler<br>
jswidler@swartz-legal.com<br>
Swartz Swidler LLC<br>
9 Tanner Street, Suite 101<br>
Haddonfield, NJ 08033

                                                    /s/ Natalie F. Bare
                                                  Natalie F. Bare