# EXHIBIT B

Case 2:24-cv-04377-MKC    Document 1-2    Filed 08/21/24    Page 1 of 16



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 29623497**
**Date Processed: 08/04/2024**

| | |
|---|---|
| **Primary Contact:** | James Guyon<br>Campbell Soup Company<br>1 Campbell Pl<br>Camden, NJ 08103-1799 |
| **Electronic copy provided to:** | Sandy Hassler |
| **Entity:** | Snyder's-Lance, Inc.<br>Entity ID Number  4586605 |
| **Entity Served:** | Snyder's-Lance, Inc |
| **Title of Action:** | David Messinger vs. Snyder's-Lance, Inc. |
| **Matter Name/ID:** | David Messinger vs. Snyder's-Lance, Inc. (16073648) |
| **Document(s) Type:** | Notice and Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Philadelphia County Court of Common Pleas, PA |
| **Case/Reference No:** | 240600596 |
| **Jurisdiction Served:** | Pennsylvania |
| **Date Served on CSC:** | 08/02/2024 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Swartz Swidler LLC<br>856-685-7420 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# SHERIFF'S OFFICE OF DAUPHIN COUNTY

**Nicholas Chimienti, Jr.**
*Sheriff*

**David B. Dowling**
*Solicitor*

**David E. Olweiler**
*Chief Deputy*

**Vacant**
*Assistant Chief/Real Estate Deputy*

---

MESSINGER, DAVID
vs.
SNYDER'S-LANCE, INC.

**Case Number**
2024-T-1946

## SERVICE COVER SHEET

| | | |
|---|---|---|
| request | service | ledger |

**Service Details:**  **Origin: Philadelphia County**

| | | | |
|---|---|---|---|
| **Category:** | Civil Action - Reinstated Complaint | **Zone:** | |
| **Manner:** | Adult in Charge | **Expires:** 08/11/2024 | **Warrant:** |
| **Notes:** | MEGAN M. TRITT | | |

**Serve To:**  **Final Service:**

| | | | |
|---|---|---|---|
| **Name:** | SNYDER'S-LANCE, INC. | **Served:** | Personally · Adult In Charge · Posted · Other |
| **Primary Address:** | C/O CSC, 2595 INTERSTATE DRIVE SUITE 103 HARRISBURG, PA 17110 | **Adult In Charge:** | |
| **Phone:** | DOB: | **Relation:** | |
| **Alternate Address:** | | **Date:** | **Time:** |
| **Phone:** | | **Deputy:** | **Mileage:** |

**Attorney / Originator:**

| | | | |
|---|---|---|---|
| **Name:** | SWARTZ SWIDLER LLC | **Phone:** | 856-685-7420 |

**Service Attempts:**

| Date: | | | | | | |
|---|---|---|---|---|---|---|
| Time: | | | | | | |
| Mileage: | | | | | | |
| Deputy: | | | | | | |

**Service Attempt Notes:**

1.
2.
3.
4.
5.
6.

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY



| | |
|---|---|
| DAVID MESSINGER, <br><br> Plaintiff, <br><br> v. <br><br> SNYDER'S-LANCE, INC. <br><br> Defendant. | **CLASS ACTION** <br><br> CIVIL DIVISION <br><br> No.240600596 |

## PRACEIPE TO REINSTATE CIVIL COMPLAINT FOR PURPOSES OF SERVICE

Plaintiff, David Messinger (hereinafter "Plaintiff"), hereby request that the Prothonotary reinstate Plaintiff's Civil Complaint to allow for service pursuant to Rule 401(b)(1) and (b)(2). Plaintiff has attached a copy of the original Civil Complaint. The undersigned certifies that the copy of the original Civil Complaint attached to this praecipe is a true copy.

Respectfully Submitted,

*s/ Justin L. Swidler*
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
9 Tanner St. Ste 101
Haddonfield, NJ 08033

Date: July 12, 2024

Case ID: 240600596

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

DAVID MESSINGER, on behalf of himself and
all those similarly situated,

v.

Snyder's-Lance, Inc.

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

Case ID: 240600596

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY



| DAVID MESSINGER, on behalf of himself and all those similarly situated, 301 Boundary Ave. Hanover, PA 17331 | CLASS ACTION |
|---|---|
| | CIVIL DIVISION |
| Plaintiff, | NO. |
| v. | |
| SNYDER'S-LANCE, INC. 1250 York St. Hanover, PA 17331 | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Named Plaintiff David Messinger (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated (hereinafter referred to as "Class Members"), by and through undersigned counsel, hereby complains as follows against Defendant Snyder's-Lance, Inc. (hereinafter "Defendant").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Pennsylvania Minimum Wage Act ("PMWA"), Pennsylvania Wage Payment and Collection Law ("PWPCL") (hereinafter collectively "Pennsylvania Wage Laws"), and the common law of Pennsylvania ("Common Law"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and Class Members proper overtime compensation due to Defendant's policy and/or practice of not paying employees for all time during which they were/are required to be on Defendant's premises in violation of the Pennsylvania Wage Laws and owed non-overtime wages

Case ID: 240600596

for said time in violation of Common Law and the PWPCL. As a result of Defendant's unlawful actions, Named Plaintiff and Class Members have suffered damages.

## PARTIES

2. Named Plaintiff is an adult individual whom Defendant employed in one of its Pennsylvania food-processing facilities as a non-exempt hourly employee holding the title Safety Process Operator.

3. Defendant is a company operating in Pennsylvania.

4. At all times relevant herein, Defendant was an "employer" of Plaintiff and Class Members within the meaning of the PMWA and the PWPCL.

5. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action under Pennsylvania Rules of Civil Procedure 1701-1717 on behalf of himself and the following class of similarly situated individuals: All current and former hourly, non-exempt employees of Defendant employed in Pennsylvania at any time from three years prior to the filing of this matter through the date judgment is entered (the "Class").

7. The members of the Class are so numerous that joinder of all members is impracticable. While the precise number of Class members has not been determined at this time, on information and belief, there are in excess of 40 individuals in the Class.

8. There are questions of law and fact common to the Class that predominate over any individual issues, including: a. Whether Defendant failed to pay regular and overtime wages for

required off-the-clock pre-shift work activities; b. Whether Defendant failed to pay regular and overtime wages for required off-the-clock meal period work activities; c. Whether Defendant's rounding policy unlawfully shaved compensable time from employees' wages; d. Whether Defendant's conduct violated the PMWA and WPCL.

9. Plaintiff's claims are typical of the claims of the Class. Plaintiff, like all Class members, was an hourly employee of Defendant who was subject to the same unlawful wage policies and practices.

10. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has retained counsel experienced in wage and hour class action litigation.

11. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications and incompatible standards of conduct for Defendant.

## FACTUAL ALLEGATIONS

12. During the relevant time period, Plaintiff and Class Members worked as hourly, non-exempt employees at Defendant's location(s) located in Pennsylvania.

13. At the beginning of each shift, Plaintiff and Class Members were required to swipe their badge to gain entry to Defendant's facility. After entering, they were required to walk in Defendant's facilities to the location to don protective gear, don protective gear, walk to the washroom location, wash their hands in the washroom, and then walk to the time clock to clock in ("Pre-shift Work Activities").

14. The Pre-shift Work Activities regularly took 15 minutes per day.

15. Plaintiff and Class members were not paid regular or overtime wages for performing Pre-shift Work Activities.

16. Similarly, prior to returning to work following an unpaid meal break, Plaintiff and Class members were required to walk to/from the washroom and clean their hands before clocking in ("Meal Period Work Activities")

17. The Meal Period Work Activities took approximately 5 minutes per day, but Plaintiff and Class members were not compensated for this time.

18. Defendant utilized a time clock system for tracking Plaintiff's and Class members' work hours, which rounded their time clock punches.

19. Due to Defendant's rounding system, Defendant failed to pay Plaintiff and Class members at least one and one-half times their regular rate for all hours worked more than 40 hours during all workweeks during which they worked more than 40 hours according to their actual time clock punch times.

20. As a result of Defendant's unlawful wage policies and practices, Plaintiff and Class members were deprived of regular and overtime wages in violation of the PMWA and WPCL.

**COUNT I**
**Violation of the Pennsylvania Minimum Wage Act**
**(Plaintiff and the Class)**

21. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

22. At all relevant times, Defendant was an "employer" within the meaning of the PMWA.

23. At all relevant times, Plaintiff and Class Members were "employees" within the meaning of the PMWA.

24. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. 43 P.S. § 333.104(c).

25. Defendant violated the PMWA by failing to pay Plaintiff and Class members overtime wages for the Pre-shift Work Activities they performed when such activities were performed during overtime workweeks.

26. Defendant violated the PMWA by failing to pay Plaintiff and Class members overtime wages for the Meal Period Work Activities they performed when such activities were performed during overtime workweeks.

27. Defendant violated the PMWA by failing to pay Plaintiff and Class members all overtime wages due for work performed during overtime workweeks by reducing the amount of work time it paid as a result of its rounding policy.

28. Defendant's violations of the PMWA were willful and intentional and not in good faith.

## COUNT II
### Violation of the Pennsylvania Wage Payment and Collection Law
#### (Plaintiff and the Class)

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30. At all relevant times, Defendant was an "employer" within the meaning of the WPCL.

31. At all relevant times, Plaintiff and Class Members were "employees" within the meaning of the WPCL.

32. The WPCL requires that employers pay all wages due to employees on regularly scheduled paydays.

33. Defendant violated the WPCL by failing to pay Plaintiff and Class members wages due for the performance of Pre-shift Work Activities.

34. Defendant violated the WPCL by failing to pay Plaintiff and Class members wages due for the performance of Meal Period Work Activities.

35. Defendant violated the WPCL by failing to pay Plaintiff and Class members all wages due as a result of its rounding policy.

36. Defendant's conduct in failing to pay Plaintiff and Class members for all hours worked was willful and not based on any good faith dispute.

## COUNT III
### Unjust Enrichment/Quantum Meruit
### (Plaintiff and the Class)

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. Plaintiff and Class members have conferred a benefit upon Defendant by performing work without compensation.

39. Defendant realized and appreciated the benefits conferred upon it by Plaintiff and Class members performing this work.

40. Defendant has retained these benefits under circumstances which make it inequitable for Defendant to retain them without payment of fair compensation to Plaintiff and Class Members.

41. Defendant has thereby been unjustly enriched and Plaintiff and Class Members have been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

A. Certification of this action as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709, and the appointment of Plaintiff as Class Representative and his counsel as Class Counsel;

B. Unpaid regular and overtime wages and statutory liquidated damages pursuant to the PMWA and PWPCL;

C. Pre-judgment interest;

D. Reasonable attorneys' fees and costs of the action; and

E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

*/s Justin L. Swidler*
Justin L. Swidler, Esq.
Matthew Miller, Esq.
SWARTZ SWIDLER, LLC
9 Tanner St. Ste. 101
Haddonfield, NJ 08033

May 28, 2024

Case ID: 240600596

## VERIFICATION

I, David Messinger, hereby state that the facts set forth above are true and correct to the best of my knowledge, information, and belief, and that I expect to be able to prove same at a hearing held in this matter. I understand that the statements herein made are subject to the penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

*David Messinger (Jun 2, 2024 11:26 EDT)*

_____
SIGNATURE

Jun 2, 2024
_____
DATE

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| MESSINGER | June Term 2024 |
| VS | No. 00596 |
| SNYDER'S-LANCE, INC. | |

**DOCKETED**
JUL 2 6 2024
R. POSTELL
COMMERCE PROGRAM

### *CLASS ACTION INITIATION ORDER*

***AND NOW***, Friday, July 26, 2024, plaintiffs having commenced a Class Action which has been assigned to the Honorable PAULA PATRICK, it is hereby **ORDERED** as follows:

1. All parties are directed to appear via Zoom for a Case Management Conference on 27-SEP-2024 at 11:15 AM. The Commerce Case Management Zoom link is available on the Court's Website at: https://www.courts.phila.gov/remote-hearings/

2. Five (5) days prior to the Zoom Conference, all parties are required to electronically file with the court, and to serve upon all opposing counsel and opposing parties who cannot be electronically served by the court, a fully completed Commerce Case Management Memorandum. A copy of the Commerce Case Management Memorandum form may be found at:

    https://www.courts.phila.gov/pdf/forms/civil/01-111-Case-Management-Conference-Memorandum-Commerce.pdf

3. To electronically file the Commerce Case Management Memorandum, access the "Existing Case" section of the court's electronic filing system. Select "Conference

CLCDS-Messinger Vs Snyder'S-Lance, Inc. [RCP]


2406005960012

Submissions" as the filing category. Select "Management Memorandum" as the filing type.

4. In the Case Management Memorandum, counsel should describe in detail: the substance of plaintiffs' claims and defendants' defenses; whether certification or merits discovery should occur first; any procedural complications the parties anticipate may occur, such as venue or jurisdictional disputes, joinder of additional parties, requests for bifurcation, etc.; and any other information that will assist the Case Manager to determine how much time the parties need to conduct discovery during the certification and/or merits portion of the case.

5. Counsel shall also be prepared to discuss with the Case Manager at the Zoom Conference all of the issues listed in Paragraph 4 above.

6. Plaintiffs' counsel shall serve a copy of this Order upon all unrepresented parties and any attorney entering an appearance subsequent to the date of issuance of this Order.

*BY THE COURT:*

*PAULA PATRICK, J.*
*TEAM LEADER*
*CLASS ACTION PROGRAM*

RECEIVED

2024 JUL 30  AM 9:56

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101