IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MESSINGER, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>SNYDER'S-LANCE, INC.<br><br>Defendant. | No.: 2:24-cv-04377 |

## ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of Named Plaintiff's Motion for Preliminary Approval of Class Settlement and Provisional Certification of Rule 23 Settlement Class, the Court grants Named Plaintiff's Motion and ORDERS as follows:

1. Named Plaintiff in the above-captioned litigation and Defendant Snyder's-Lance, Inc. ("Defendant") (collectively, the "Parties") have participated in multiple mediation sessions, negotiated a settlement, and executed a Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") that was filed with the Court on December 10, 2025. Pursuant to the Agreement, Named Plaintiff moved for entry of an order granting preliminary approval of the Settlement. The Court hereby incorporates the terms of the Agreement for the purposes of this Preliminary Approval Order, including the Definitions set forth in the Agreement.

2. On a preliminary basis, the Court finds that the Settlement falls within the range of reasonableness because the Settlement has key indicia of fairness, in that (a) the Parties reached the Settlement only after they were adequately informed through relevant discovery; (b) the extensive negotiations were contentious, and at an arm's length; and (c) the proponents of the

Settlement are experienced in similar litigation. Accordingly, for all these reasons, the Settlement is hereby preliminarily approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e).

3.      Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court provisionally certifies, for settlement purposes only, the following Rule 23 settlement class and conditionally finds that Named Plaintiff is an adequate representative of the settlement class and appoints him as the representative of said settlement class:

> all persons, including Plaintiff, who worked as non-exempt, hourly employees at the Snyder's-Lance Hanover, Pennsylvania plant at any time from June 5, 2021, through May 17, 2025. Defendant has informed Plaintiff and Settlement Class Counsel that, during the Release Period, it operated only one production location in Pennsylvania, located in Hanover, Pennsylvania.

4.      Specifically, with respect to provisionally certifying the Rule 23 settlement class, the Court considered: (a) information, arguments, and authorities provided by Named Plaintiff in his brief in support of the motion for entry of an order granting preliminary approval to the Settlement; (b) the terms of the Agreement, including, but not limited to, the definition of the Rule 23 settlement class and the benefits to be provided to the members; and (c) the Settlement's elimination of any potential manageability issue that may otherwise have existed if the case continued to be litigated.

5.      The Court provisionally appoints Swartz Swidler, LLC as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g).

6.      Simpluris is appointed as the Settlement Administrator.

7.      Each time period and provision of the Agreement is deemed incorporated in this Order as if expressly set forth here and has the full force and effect of an Order of this Court.

8. The Court approves the form of the Notice Form attached as Exhibit A to the Agreement. The Court finds that the proposed methods of notice set forth in Paragraph 7 of the Agreement satisfy the requirements of due process, the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances and shall constitute valid, due, and sufficient notice to Settlement Class Members in full compliance with the requirements of applicable law, including the Due Process clause of the U.S. Constitution.

9. All proceedings in this case are stayed pending the Court's decision whether to grant final approval of the settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

10. If the Agreement is revoked, terminated, or not consummated for any reason whatsoever or if this Court (or an appellate court on appeal) does not grant final approval of the settlement, the provisional certification of the Rule 23 settlement class shall be void, and Defendant shall retain all defenses, and shall also retain the right to oppose any and all certification motions for any reason.

11. The Fairness Hearing is hereby set for _____ [a date approximately 100 days from the date of this Order] at _____ a.m./p.m., in Courtroom _____ at _____.

12. Named Plaintiff shall file his motion for final approval of the Settlement and any other relief, including for attorney's fees and costs and service awards no later than seven (7) days prior to the Fairness Hearing.

13. Each Settlement Class Member who wishes to be excluded from the Settlement must opt-out per the instructions set forth in the Notice Form, and their response must be post-marked within sixty (60) days of the mailing of the Notice. Any Settlement Class Member who

does not properly and timely request exclusion from the Settlement shall be bound by the Agreement should the Court grant final approval.

14. Only Settlement Class Members who have not excluded themselves from the Settlement and have filed and served timely and valid objections to the Settlement pursuant to the terms of the Agreement shall be entitled to be heard at the Fairness Hearing. Any Settlement Class Member who does not timely file and serve a valid objection in writing to the Settlement, entry of a Final Approval Order, or Settlement Class Counsel's application for fees and costs and for the service award and general release payment proposed for Named Plaintiff, in accordance with the procedures set forth in the Notice, shall be deemed to have waived any such objection.

IT IS SO ORDERED this ___ day of _____, 2025.

_____